No. 12,914.

BEARMAN *v.* BRONFIN ET AL.
(28 P. [2d] 805)

Decided December 22, 1933.   Rehearing denied January 15, 1934.

Mr. BENJAMIN C. HILLIARD, JR., for plaintiff in error.

Mr. ERNEST MORRIS, Mr. PHILIP HORNBEIN, Mr. THEODORE EPSTEIN, for defendants in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

ON March 22, 1927, Bearman filed his complaint for damages founded in tort. The defendants were Bronfin, Baum and Spivak. Spivak was later dropped as a defendant. The defendants were physicians, and plaintiff alleged a conspiracy to destroy health and reputation of plaintiff, and to prevent him from procuring aid for himself and family; that they had administered poison to him in an attempt to kill him, and had made statements calculated to prevent plaintiff from obtaining hospitalization and aid from other sources. He further alleged injury to his health as a result of this conspiracy, and a suffering from physical and mental pain.

The complaint was filled with allegations of matters not properly therein. Defendant Baum moved to strike and make more specific. January, 1930, without leave of court, plaintiff, in response to the motions, offered an amended complaint. This complaint, as a pleading, was no improvement upon the original. It contained, with more particularity, the principal allegations of the original. Bronfin moved to make this amended complaint more definite and certain and to separately state and number the causes of action. Baum moved to strike the amended complaint because of no leave granted to file and that it was a departure, and further, because two or more alleged causes of action were commingled. The motions of Bronfin were sustained. The motion of Baum to strike was denied and the court ordered that the complaint stand as a confession of all preceding motions and that plaintiff have 20 days to file second amended complaint. Within that time, plaintiff filed his second amended complaint. The only noticeable change in this second amended complaint from the original and first amended complaint was a division into two parts, described as "Count 1" and "Count 2."

This attempt at pleading was a repetition of the averments of the two former complaints with little difference in the manner of expression. In apt time both defendants, Bronfin and Baum, moved to strike the second amended complaint from the files and for a dismissal with prejudice, basing their motions substantially upon the ground that the amendment was a departure, that two causes of action were commingled and that the amendment did not conform to the order of court theretofore entered. These motions were sustained in the absence of plaintiff's counsel. Shortly thereafter, the order of dismissal was vacated and after hearing the argument of counsel, the court adhered to its former ruling and dismissed the complaint with prejudice.

We have given this record more attentive consideration for the reason that the complaint was dismissed with prejudice. As difficult as it has been, we find from an examination of the three complaints herein, that in this mass of useless and unnecessary statements concerning his complaint against the defendants, there lies a poorly stated cause of action. We would not have been greatly surprised if these efforts to plead a cause of action had aroused more aggravation on the part of counsel for defendants and the court itself than is apparent from the record.

The rule with reference to striking such pleadings should not be unduly extended; but it is of vital importance, if such are stricken and the case ended with prejudice to any right plaintiff might have to properly state his cause of action, and especially so in view of the fact that in all of the three efforts made, a cause of action can be culled therefrom. It is worthy of note that in Bronfin's motion to strike the first amended complaint, we find the following: ''Plaintiff has alleged two distinct causes of action in paragraph 7.'' In Baum's motion to strike, we find, ''two dictinct alleged causes of action.'' It is apparent, therefore, that from these scram-

bled pleadings, counsel for the defense recognized a cause of action.

The plaintiff adhered generally to a statement of his injury from the actions of the defendants originally declared, and his manner of altering the allegation of the infliction of that injury, does not include a new cause of action. The second and final amended complaint was subjected to an attack upon the ground that it was a departure. "A departure is an abandonment of the cause of action as stated, in some essential particular, and the substitution of something materially different." *Denver & R. G. R. R. Co. v. Cahill,* 8 Colo. App. 158, 164, 45 Pac. 287.

Where an original complaint fails to even poorly state a cause of action and the amendments thereto are nothing but a restatement of the original, it is proper to follow the rule and strike such amendments, but the rule does not apply when the original as well as the amendments do state a cause of action.

The trial court was in error in entering its order of dismissal. It should have granted leave to amend and limited that right to an accurate and correct expression in legal form of the cause of action that had theretofore been inaccurately or insufficiently expressed and such is now the direction to the trial court.

Present counsel for plaintiff in error did not appear as an attorney in the trial court, and our criticism of the Bearman pleadings is not directed against him.

The judgment of dismissal is reversed and the cause remanded with directions to reinstate the case, and for further proceedings in accordance with this opinion.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BUTLER concur.